

Search for Cases by: Select Search Method... ▼

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  Logoff RDSCHWARZLOSE

| 22SL-CC04063 - ANGEL JONES V ST. LOUIS COUNTY GOVERNMENT (E-CASE) |

| Case Header FV | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ● Descending  ○ Ascending

Display Options: All Entries ▼

---

**10/18/2022**  ☐ **Entry of Appearance Filed**
Entry of Appearance, Electronic Filing Certificate of Service.
　　**Filed By:** PORTIA JONAE BRITT

**09/23/2022**  ☐ **Corporation Served**
Document ID - 22-SMCC-7637; Served To - ST. LOUIS COUNTY GOVERNMENT; Server - DARBY, MARK; Served Date - 22-SEP-22; Served Time - 00:00:00; Service Type - Territory 22; Reason Description - Served; Service Text - LC

**09/19/2022**  ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-7637, for ST. LOUIS COUNTY GOVERNMENT. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**09/15/2022**  ☐ **Filing Info Sheet eFiling**
　　**Filed By:** ANTHONY S BRETZ
　　☐ **Note to Clerk eFiling**
　　**Filed By:** ANTHONY S BRETZ
　　☐ **Pet Filed in Circuit Ct**
Petition for Damages.
　　**Filed By:** ANTHONY S BRETZ
　　**On Behalf Of:** ANGEL JONES
　　☐ **Judge Assigned**
DIV 9

---

Case.net Version 5.14.58                    Return to Top of Page                    Released 08/24/2022

Electronically Filed - St Louis County - October 18, 2022 - 03:27 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**TWENTY-FIRST JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **ANGEL JONES** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.      22SL-CC04063** |
| | ) | |
| | ) | |
| | ) | **Div. 9** |
| **v.** | ) | |
| | ) | |
| **ST. LOUIS COUNTY GOVERNMENT,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## ENTRY OF APPEARANCE

COMES NOW Assistant County Counselor Portia Britt, and hereby enters her appearance as counsel of record for Defendant St. Louis County.

Respectfully Submitted,
**BETH ORWICK**
**COUNTY COUNSELOR**

By:      /s/ Portia J. Britt

Portia J. Britt, #69016
Assistant County Counselor
Office of The County Counselor
41 S. Central Avenue
Clayton, Missouri 63105
(314) 615-7038
pbritt@stlouiscountymo.gov

*Attorneys for Defendant St. Louis County*

Electronically Filed - St Louis County - October 18, 2022 - 03:27 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**TWENTY-FIRST JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **ANGEL JONES** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.     22SL-CC04063** |
| | ) | |
| | ) | |
| | ) | **Div. 9** |
| **v.** | ) | |
| | ) | |
| **ST. LOUIS COUNTY GOVERNMENT,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2022, the foregoing was electronically filed through the court's electronic filing system. The foregoing was also served to Plaintiff's counsel of record via mail delivery at:

Anthony Bretz: tbretz@bretzlegal.com

//s/ Portia J. Britt
Portia J. Britt, 69016

*SB Return 10/19*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 22SL-CC04063 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ANGEL JONES | Plaintiff's/Petitioner's Attorney/Address<br>ANTHONY S BRETZ<br>BRETZ LEGAL<br>222 S CENTRAL AVE<br>STE 1004<br>ST LOUIS, 63105 | **SHERIFF FEE PAID** |
| | vs. | |
| Defendant/Respondent:<br>ST. LOUIS COUNTY GOVERNMENT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **ST. LOUIS COUNTY GOVERNMENT**
Alias:

**SAM PAGE, COUNTY EXECUTIVE**
**41 S. CENTRAL AVENUE**
**CLAYTON, MO 63105**

FILED
SEP 27 2022

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY



*COURT SEAL OF*

*ST. LOUIS COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
     SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**19-SEP-2022**
**Date**

Clerk

**Further Information:**
**AD**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person at least 18 years of age residing therein.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to KEITH SCHILDROTH (name) CITY CLERK (title).
☐ other

Served at 41 S. CENTRAL St, Louis, Mo 63105 (address)
in _____ (County/City of St. Louis), MO, on 9-22-22 (date) at 8:15 AM (time).

MARK DARBY
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                       Date                              Notary Public

*(Seal)*

2022 ST. LOUIS COUNTY SHERIFF'S OFFICE SEP 20 AM 10: 50 RECEIVED

9/20 NG

**Sheriff's Fees, if applicable**
Summons                          $_____
Non Est                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge           $____10.00_____
Mileage                          $_____ (_____ miles @ $._____ per mile)
**Total**                        $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**22SL-CC04063**

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **ANGEL JONES,** | ) | |
| | ) | **Cause No.:** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ST. LOUIS COUNTY GOVERNMENT** | ) | |
| *a political subdivision of the State* | ) | **JURY TRIAL DEMANDED** |
| **Serve Sam Page, County Executive at:** | ) | |
| 41 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |
| Service By: St. Louis County Sheriff Dept. | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

<u>**PETITION FOR DAMAGES**</u>

COMES NOW Plaintiff Angel Jones, by and through her undersigned counsel, and for her Petition for Damages against St. Louis County Government ("County"), states as follows:

<u>**NATURE OF ACTION**</u>

1.      This action is brought pursuant to the Missouri Human Rights Act, as amended, RSMo. §§ 213.010, *et seq.* ("MHRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) *et seq.* ("Title II"), the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the Family Medical and Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") to redress Plaintiff' claims of race discrimination.

2.      Plaintiff has satisfied all administrative prerequisites to suit.

3.      On or about March 12, 2021,  Plaintiff filed her Charge of Discrimination with both the Missouri Commission on Human Rights (the "MCHR") and the Equal Employment

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

Opportunity Commission (the "EEOC").

4.      This Petition is timely filed within two (2) years of the date of the last act of discrimination, being September 15, 2020.

## JURISDICTION AND VENUE

5.      Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

6.      Defendant County's principal place of business is in Saint Louis County, State of Missouri located at 41 South Central Avenue in Clayton, MO 63105.

7.      Defendant County, is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of Missouri.

8.      The Court has jurisdiction over this action because conduct alleged throughout this Petition and giving rise to Plaintiff's cause of action occurred in Saint Louis County, State of Missouri.

9.      Venue is proper in Saint Louis County, State of Missouri, pursuant to § 508.010(4) RSMo., § 213.111(1) RSMo., 42 U.S.C. § 2000e–5(f)(3), and 28 U.S.C. § 1391(b).

## PARTIES

10.      Plaintiff Angel Jones is an African-American Female who at all relevant times hereunder resided in St. Louis County, State of Missouri.

11.      Additionally, Plaintiff has a disability known to Defendant.

12.      Additionally, Plaintiff is a Black individual.

13.      At all pertinent times hereto, Defendant County, was an "employer" as defined by the MHRA, for all actions herein, in that Defendant County employs six (6) persons or more

2

Electronically Filed - St. Louis County - September 15, 2022 - 05:37 PM

in the State of Missouri, is a municipal corporation duly organized and existing under the laws of the State of Missouri and may be served by and through Sam Page in his capacity as County Executive, at 14 S. Central Avenue, Clayton, Missouri 63105.

14.     At all pertinent times hereto, Defendant County, was an "employer" as defined by Title VII of the Civil Rights Act of 1964, as amended, for all actions herein, in that Defendant County employs fifteen (15) persons or more in the State of Missouri, is a municipal corporation duly organized and existing under the laws of the State of Missouri and may be served by and through Sam Page in his capacity as County Executive, at 14 S. Central Avenue, Clayton, Missouri 63105.

15.     At all pertinent times hereto, Defendant County, was an "employer" as defined by Title I of the Americans with Disabilities Act of 1990, as amended, for all actions herein, in that Defendant County employs fifteen (15) persons or more in the State of Missouri, is a municipal corporation duly organized and existing under the laws of the State of Missouri and may be served by and through Sam Page in his capacity as County Executive, at 14 S. Central Avenue, Clayton, Missouri 63105.

16.     At all pertinent times hereto, Defendant County, was an "employer" as defined by Title I of the Family Medical and Leave Act of 1993, as amended, for all actions herein, in that Defendant County employs fifty (50) persons or more in the State of Missouri, is a municipal corporation duly organized and existing under the laws of the State of Missouri and may be served by and through Sam Page in his capacity as County Executive, at 14 S. Central Avenue, Clayton, Missouri 63105.

17.     Defendant County further operates the St. Louis County Department of Justice Services (hereinafter "DJS") in St. Louis County, State of Missouri at 41 S. Central Avenue,

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

Clayton, MO 63105 in the State of Missouri.

18.     All employees of DJS are employed by and through Defendant County.

## **FACTS RELEVANT TO ALL COUNTS**

19.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

20.     On or about February 15, 2015, Plaintiff was hired by County as a Corrections Officer (CO1) with DJS and continues to be employed by County.

21.     At relevant times herein, Plaintiff was earning approximately $18.00 per Hour, Full Time (40 Hours per Week) with full benefits, plus bonuses.

22.     Plaintiff is currently employed Part-Time (8-20 Hours Per Week) without full benefits, without bonuses, and earning approximately $21.00 per Hour.

23.     At all times relevant herein, Plaintiff's direct supervisors have been Major Timothy Ishmon (hereinafter "Ishmon") or Captain Jerry Kramer (hereinafter "Kramer").

24.     Beginning on or about September of 2018, and on a continuing basis thereafter, Plaintiff has been and continually is subjected to discrimination from her superiors and others on the basis of her race, color, sex and disability in the form of repeated denials of promotions and transfer requests.

25.     On or around February 2020, there were 15 open Sergeant positions listed with 5 more open Sergeant positions shortly add thereafter (hereinafter "February 2020 Jobs").

26.     When the February 2020 Jobs were filled, only a few of the positions went to African-Americans, two of whom were Females.

27.     Plaintiff was denied one of February 2020 Jobs despite Plaintiff's scoring 7th

4

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

highest out of 60 applicants on the Sergeant Promotions Test.

28.     Furthermore, Plaintiff was denied one of February 2020 Jobs despite her seniority and merit qualifying her for one of the February 2020 Jobs.

29.     On or around April of 2020, Plaintiff applied for a promotion for an open Lieutenant position, which is a Supervisory position (Hereinafter "April 2020 Job").

30.     The April 2020 Job came with an increase in pay to approximately $26.00 per Hour.

31.     Despite Plaintiff having more experience, the April 2020 Job was given to a White Female with less experience.

32.     Aside from applying for Lieutenant positions, Plaintiff also applied for transfers within DJS.

33.     With respect to requests for transfers, there were a mixture of openings, but mostly Male employees were approved to fill these positions.

34.     There were multiple openings for a Transportation position, which has weekends off as a benefit (hereinafter "Transportation Job").

35.     There was also an opening for First Shift Intake which came with a $25.00 per Pay Period (hereinafter "First Shift Intake Job").

36.     Despite being qualified, Plaintiff was denied both of her transfer requests for a Transportation Job and the First Shift Intake Job.

37.     Upon information and believe, the First Shift Intake Job was given to a White Female employee who did not even apply.

38.     Upon information and believe, the benefits of the First Shift Intake Job were not

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

limited to an increase in pay but also came with additional training opportunities which would have benefited Plaintiff in applying for promotions in the future.

39.     Plaintiff was denied the ability to take advantage of transfer opportunities which would have provided Plaintiff with additional training.

40.     In addition to being denied promotions and transfer requests on the basis of Plaintiff's sex, race and color, Plaintiff's disability was a determining factor in Plaintiff's superiors' decisions to deny Plaintiff's multiple applications to promotion positions and transfer requests.

41.     In 2018 Plaintiff suffered from a stroke.

42.     As a result of Plaintiff's stroke, Plaintiff was placed on FMLA leave.

43.     As a result of Plaintiff's stroke and its lasting consequences, Plaintiff has suffered and likely will continue to suffer occasional flare ups at least once per Month.

44.     Plaintiff's stroke-related flare ups leave Plaintiff unable to perform her job duties from anywhere from 1 Hour to 8 Hours, though most instances have resulted in far less than 8 Hours of FMLA leave used.

45.     Upon information and belief, DJS has used Plaintiff's FMLA-related time off against Plaintiff in its employment actions toward her in the following circumstances: hiring, promotions and discipline.

46.     Additionally, Plaintiffs' superiors have made notations within Plaintiff's Performance Log of the various dates and times during which she had to use my FMLA leave.

47.     Aside from the storing of my FMLA-related information in an insecure document and location, this information was further used to Plaintiff's detriment by my superiors

6

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

to deny her the above-described sought-after promotions, positions and transfer requests.

48.     Additionally, Plaintiff's superiors also made an erroneous claim of inappropriate use of FMLA leave which resulted in a one-day suspension (hereinafter "Suspension").

49.     Upon information and belief, and with respect to Plaintiff's Suspension, Plaintiff was suspended based upon an erroneous recording of tardiness by Ms. Julie Childrey.

50.     Ms. Childrey inappropriately marked Plaintiff as tardy rather than as exercising her FMLA leave.

51.     This mistake was only compounded by the fact that nearly a year later Plaintiff was wrongfully suspended, resulting in the above-mentioned Suspension.

52.     With respect to the Suspension, Plaintiff provided Mr. Darby Howard with evidence of the erroneous tardy recording.

53.     Thereafter, the wrongful Suspension was raised during a Lieutenant interview, thus giving the panel its pretextual justification for denying Plaintiff the promotion.

54.     Upon information and believe, the purpose of the erroneous claim was to put Plaintiff in a false and negative light before those interviewing candidates for the promotion position.

55.     In utilizing the wrongful Suspension as a basis for not promoting Plaintiff to Lieutenant, DJS violated Claimant's rights under FMLA.

56.     Plaintiff has made multiple complaints to Human Resources (hereinafter "HR") with respect to her repeated denial of promotions and transfer requests.

57.     Plaintiff's first complaint was filed with HR in April of 2020 (hereinafter "April 2020 HR Complaint").

Electronically Filed - St. Louis County - September 15, 2022 - 05:37 PM

58.    On or about June or July of 2020, Plaintiff received a terse answer to the April 2020 HR Complaint which stated that "we promote who we want to promote."

59.    Plaintiff continues to be employed by St. Louis County at their St. Louis County Justice Center under the described conditions.

60.    Prior to Plaintiff's 2018 stroke, from approximately 2016 up to 2018 Plaintiff exercised her rights under FMLA in order to take care of her son who had developmental delay issues.

61.    In order to seek the necessary help for her son's developmental delay issues, Plaintiff took her son to occupational, speech and physical therapy for treatment (hereinafter "Treatment").

62.    The Treatment for Plaintiff's son therapy sessions in the late evening while Claimant worked night shift.

63.    Plaintiff was improperly denied use of her FMLA rights when she took her son to his Treatment.

64.    After Plaintiff's 2018 stroke, Plaintiff was required to exercising her FMLA leave intermittently.

65.    In January of 2020, DJS issued an email to its employees discouraging them from using their FMLA leave for the stated reason that the jail was short staffed and FMLA was nothing more than "an excuse for not working."

66.    In March of 2020, the COVID Pandemic (hereinafter "COVID") came to the St. Louis area, including St. Louis County, State of Missouri.

67.    DJS's retaliation against those who exercised their FMLA rights increased

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

during COVID.

68.     From April of 2021 through September of 2021, Plaintiff was punished and discriminated against when she was assigned to work a COVID pod nearly every time after she was required to take a few hours of FMLA leave.

69.     Upon information and belief, after each FMLA leave exercised by Plaintiff, Lt. Roland assigned Plaintiff to work the COVID pod, out of rotation despite the floors having a regular rotation of officers working in the COVID pods.

70.     The COVID pods, as the name suggests, contain COVID infected and suspected COVID inmates and are less desirous assignments.

71.     On or about April 18, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

72.     In April of 2021, Plaintiff made an oral complaint related to the April 18, 2021 COVID pod assignment to her supervisor Major Ishmon.

73.     On or about May 4, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

74.     On or about May 6, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

75.     On or about May 9, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

76.     On or about June 13, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

77.     On or about June 20, 2021, Plaintiff was assigned to the COVID pods after

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

having to exercise her FMLA rights.

78.     On or about June 22, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

79.     On or about July 5, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

80.     On or about July 12, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

81.     On or about July 18, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

82.     On or about July 25, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

83.     On or about August 9, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

84.     On or about August 24, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

85.     On or about September 13, 2021, Plaintiff was assigned to the COVID pods after having to exercise her FMLA rights.

86.     On or about September 15, 2021, Plaintiff filed another complaint related to the above-described COVID pod assignments to her supervisor Major Ishmon.

87.     Upon information and believe, a proper investigation of Plaintiff's April 2021 and September 15, 2021 complaints were not undertaken.

88.     On or about October 21, 2021, Mr. Scott Anders, the Director of DJS, issued

10

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

notification via Email to the DJS Justice Services Staff wherein he notified the staff that the Civil Service Commission had approved pay increases for all staff.

89.     Plaintiff never received her pay increase even after bringing same to the attention of the Director.

90.     Upon information and belief, Plaintiff did not receive her pay increase as a result of her exercising her FMLA rights.

91.     Plaintiff is an African-American, Female Corrections Officer with a disability known to her employer, with eight years of employment at St. Louis County.

92.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained, and will continue to sustain, lost wages and benefits.

93.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, emotional distress.

94.     As a direct and proximate result of Defendant's actions, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs of litigation.

95.     The actions of Defendant, by and through its supervisors, were outrageous because of Defendants' evil motive or reckless indifference to the rights of others, and an award of  punitive damages against Defendant is warranted in order to punish Defendant, and to deter others from like conduct.

**COUNT I**
**RACE DISCRIMINATION IN VIOLATION OF THE**
**MISSOURI HUMAN RIGHTS ACT**

96.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

97.     As an African-American, Plaintiff is a member of a class protected by RSMO §
213.065.

98.     Defendant failed to approve promotion or transfer requests of Plaintiff's.

99.     Plaintiff's status as a member of a protected class was a motivating factor in that
discrimination.

100.    As a direct and proximate result of the acts of Defendant County as alleged
herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental
anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of
reputation.

WHEREFORE, Plaintiff, Ms. Angel Jones, respectfully requests judgment in her favor
against Defendant County for pain and suffering and compensatory and punitive damages in an
amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this
action, reimbursement of back pay with interest, emotional distress, pain and suffering,
reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just
and proper under the circumstances.

## COUNT II
## COLOR DISCRIMINATION IN VIOLATION OF THE
## MISSOURI HUMAN RIGHTS ACT

101.    Plaintiff realleges and incorporates herein by reference each and every of the
preceding allegations of this Petition as if fully set forth herein.

102.    As an individual who identifies as Black, Plaintiff is a member of a class
protected by RSMO § 213.065.

103.    Defendant failed to approve promotion or transfer requests of Plaintiff's.

104.    Plaintiff's status as a member of a protected class was a motivating factor in that

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

discrimination.

105.    As a direct and proximate result of the acts of Defendant County as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Angel Jones, respectfully requests judgment in her favor against Defendant County for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT III
## SEX DISCRIMINATION IN VIOLATION OF THE
## MISSOURI HUMAN RIGHTS ACT

106.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

107.    As a Female, Plaintiff is a member of a class protected by RSMO § 213.065.

108.    Defendant failed to approve promotion or transfer requests of Plaintiff's.

109.    Plaintiff's status as a member of a protected class was a motivating factor in that discrimination.

110.    As a direct and proximate result of the acts of Defendant County as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

WHEREFORE, Plaintiff, Ms. Angel Jones, respectfully requests judgment in her favor against Defendant County for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT IV
## DISABILITY DISCRIMINATION IN VIOLATION OF THE
## MISSOURI HUMAN RIGHTS ACT

111.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

112.     Plaintiff has a physical impairment of record that substantially limits one or more of Plaintiff's life activities.

113.     Plaintiff's impairment did not interfere with performing her job as a Corrections Officer if provided reasonable accommodation which involved taking the necessary medical precautions after her condition flared up, i.e. rest.

114.     Defendant failed to give Plaintiff her reasonable accommodation when Defendant punished Plaintiff for taking the necessary medical precautions after her condition flared up.

115.     Plaintiff's disability was a motivating factor in Defendant's decision to punish Plaintiff for taking the necessary medical precautions after her condition flared up.

116.     As a direct and proximate result of the acts of Defendant Culpeppers as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life,

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

stress, and loss of reputation,

WHEREFORE, Plaintiff, Ms. Angel Jones, respectfully requests judgment in her favor against Defendant County for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**COUNT V**
**RACE DISCRIMINATION IN VIOLATION OF THE**
**TITLE VII OF THE CIVIL RIGHTS ACT**

117.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

118.    As an African-American, Plaintiff is a member of a class protected by The Civil Rights Act of 1964, as amended.

119.    Plaintiff suffered an adverse employment action when she was refused promotions and transfer requests because of her race as described  more fully in paragraphs 19-95.

120.    Any purported reasons that Defendant County might offer for these actions is nothing but pretext to conceal Defendant County's illegal discrimination against Plaintiff.

121.    Plaintiff' status as a member of a protected class was a motivating factor in that discrimination.

122.    All actions or inactions of or by Defendant County occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

123.    Plaintiff's race was a motivating factor in such behavior as above-described.

124.    Defendant County's actions constitute an unlawful employment practice and violation of Plaintiff's rights under Title VII, as secured by 42 U.S.C. § 2000(e) *et seq.*

125.    As a direct and proximate result of the acts of Defendant County as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Angel Jones, respectfully requests judgment in her favor against Defendant County for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

### COUNT VI
### COLOR DISCRIMINATION IN VIOLATION OF THE
### TITLE VII OF THE CIVIL RIGHTS ACT

126.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

127.    As an individual who identifies as Black, Plaintiff is a member of a class protected by The Civil Rights Act of 1964, as amended.

128.    Plaintiff suffered an adverse employment action when she was refused promotions and transfer requests because of her color as described more fully in paragraphs 19-95.

129.    Any purported reasons that Defendant County might offer for these actions is

16

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

nothing but pretext to conceal Defendant County's illegal discrimination against Plaintiff.

130.    Plaintiff' status as a member of a protected class was a motivating factor in that discrimination.

131.    All actions or inactions of or by Defendant County occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

132.    Plaintiff's color was a motivating factor in such behavior as above-described.

133.    Defendant County's actions constitute an unlawful employment practice and violation of Plaintiff's rights under Title VII, as secured by 42 U.S.C. § 2000(e) et seq.

134.    As a direct and proximate result of the acts of Defendant County as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Angel Jones, respectfully requests judgment in her favor against Defendant County for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**COUNT VII**
**SEX DISCRIMINATION IN VIOLATION OF THE**
**TITLE VII OF THE CIVIL RIGHTS ACT**

135.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

17

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

136.    As a Female, Plaintiff is a member of a class protected by The Civil Rights Act of 1964, as amended.

137.    Plaintiff suffered an adverse employment action when she was refused promotions and transfer requests because of her sex as described more fully in paragraphs 19-95.

138.    Any purported reasons that Defendant County might offer for these actions is nothing but pretext to conceal Defendant County's illegal discrimination against Plaintiff.

139.    Plaintiff' status as a member of a protected class was a motivating factor in that discrimination.

140.    All actions or inactions of or by Defendant County occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

141.    Plaintiff's sex was a motivating factor in such behavior as above-described.

142.    Defendant County's actions constitute an unlawful employment practice and violation of Plaintiff's rights under Title VII, as secured by 42 U.S.C. § 2000(e) et seq.

143.    As a direct and proximate result of the acts of Defendant County as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Angel Jones, respectfully requests judgment in her favor against Defendant County for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering,

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**COUNT VIII**
**DISABILITY DISCRIMINATION IN VIOLATION OF THE**
**TITLE VII OF THE CIVIL RIGHTS ACT**

144.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

145.    Plaintiff has a disability as defined by the Americans with Disabilities Act of 1990, as amended.

146.    Plaintiff is a member of a class protected by the Americans with Disabilities Act of 1990, as amended.

147.    Plaintiff suffered an adverse employment action when she was refused promotions and transfer requests because of her disability as described more fully in paragraphs 19-95.

148.    Any purported reasons that Defendant County might offer for these actions is nothing but pretext to conceal Defendant County's illegal discrimination against Plaintiff.

149.    Plaintiff's status as a member of a protected class was a motivating factor in that discrimination.

150.    All actions or inactions of or by Defendant County occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

151.    Plaintiff's disability was a motivating factor in such behavior as above-described.

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

152.    Defendant County's actions constitute an unlawful employment practice and violation of Plaintiff's rights under Title VII, as secured by 42 U.S.C. § 2000(e) et seq.

153.    As a direct and proximate result of the acts of Defendant County as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Angel Jones, respectfully requests judgment in her favor against Defendant County for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT IX
## RETALIATION IN VIOLATION OF THE
## FAMILY AND MEDICAL LEAVE ACT

154.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

155.    Plaintiff has a disability as defined by the Family and Medical Leave Act of 1993, as amended.

156.    Plaintiff was entitled to FMLA leave due to her disability.

157.    Plaintiff exercised her rights under FMLA, by taking intermittent leave.

158.    Plaintiff's use of her FMLA leave was an activity protected by FMLA.

159.    Defendant County took actions that a reasonable employee would have found materially adverse.

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

160.     There exists a causal connection between the protected activity and the adverse actions.

161.     All actions or inactions of or by Defendant County occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

162.     Defendant County's actions constitute an act of retaliation in violation of Plaintiff's rights under FMLA.

163.     As a direct and proximate result of the acts of Defendant County as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Angel Jones, respectfully requests judgment in her favor against Defendant County for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

### COUNT X
### INTERFERENCE IN VIOLATION OF THE
### FAMILY AND MEDICAL LEAVE ACT

164.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

165.     Plaintiff has a disability as defined by the Family and Medical Leave Act of 1993, as amended.

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

166.    Plaintiff was entitled to FMLA leave due to her disability.

167.    Plaintiff exercised her rights under FMLA, by taking intermittent leave.

168.    Defendant County took adverse actions discouraging the use of FMLA leave by employees.

169.    Defendant County's adverse actions interfered with Plaintiff's right to take FMLA leave.

170.    Defendant County's adverse actions were related to the exercise or attempted exercise of Plaintiff's FMLA rights.

171.    All actions or inactions of or by Defendant County occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

172.    As a direct and proximate result of the acts of Defendant County as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Angel Jones, respectfully requests judgment in her favor against Defendant County for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

Electronically Filed - St Louis County - September 15, 2022 - 05:37 PM

Respectfully Submitted,

By: */s/ Anthony S. Bretz*
Anthony S. Bretz, #61075
BRETZ LEGAL, LLC
222 S. Central Ave., Ste. 1004
Clayton, MO 63105
Phone: (314) 730-0394
Fax: (314) 785-6500
Email: tbretz@bretzlegal.com
*Counsel For Plaintiff*

  


# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | Case Number:  22SL-CC04063 |
| Plaintiff/Petitioner:<br>ANGEL JONES | Plaintiff's/Petitioner's Attorney/Address<br>ANTHONY S BRETZ<br>BRETZ LEGAL<br>222 S CENTRAL AVE<br>STE 1004<br>vs.　ST LOUIS,　63105 |
| Defendant/Respondent:<br> ST. LOUIS COUNTY GOVERNMENT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  ST. LOUIS COUNTY GOVERNMENT

　　　　　　　　　Alias:

SAM PAGE, COUNTY EXECUTIVE
41 S. CENTRAL AVENUE
CLAYTON, MO  63105

*COURT SEAL OF*



*ST. LOUIS COUNTY*

　　　　You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
　　　　**SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

　　**19-SEP-2022**
　　　　Date

Further Information:
　　AD

_____
　　　　　　　　　　　　Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____　　　_____
　　　　Printed Name of Sheriff or Server　　　　　　　　　　　　Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____　　　_____
*(Seal)*　　　　　　　　　　　　　　Date　　　　　　　　　　　　　　　Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.   **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73